IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOHN DOUGLAS, TAMMY DOUGLAS (spouse),
AUSTIN F. DOUGLAS (natural minor son) and
AMBER WHITE (minor step-daughter)

                Plaintiffs,

v.                                                CIVIL ACTION NO. 3:04-0383
                                                   Consolidated with 3:04-0404,
INGRAM BARGE COMPANY and/or         3:04-0457, 3:04-01222, and 3:05-0027
THE OHIO RIVER COMPANY,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion for Summary Judgment by McGinnis, Inc. and the M/V Chris Arden (hereinafter collectively referred to as "McGinnis") [doc. no. 209]. McGinnis also has filed a Motion to Enforce the Settlement [doc. no. 229] and a Motion to Continue the Trial because of a scheduling conflict with McGinnis' counsel [doc. no. 205]. For the following reasons, the Court **GRANTS** the Motion for Summary Judgment and, therefore, **DENIES** as **moot** McGinnis' Motions to Enforce the Settlement and to Continue the Trial.

In its Motion for Summary Judgment, McGinnis asserts that there is no evidence which proves that McGinnis was negligent in the navigation of its vessel or in the life-saving efforts its crew took in assisting Plaintiff John Douglas. In their Response, Plaintiffs do not dispute this assertion, but argue that McGinnis may be liable because McGinnis may have had a contractual duty to paint Barge ING 2325 with non-skid paint prior to the accident. In their Reply, McGinnis claims

there is absolutely no evidence it had a duty to paint Barge ING 2325 under the terms of a Service Agreement it had with Ingram Barge Company. McGinnis further points to Requests for Admissions in which Ingram Barge Company admits that McGinnis had no duty or obligation to maintain or paint the deck of the barge with non-skid paint prior to the accident.

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P.* 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

In this case, the Court finds there is no evidence upon which a reasonable juror could return a verdict in Plaintiffs' favor. Accordingly, the Court finds that summary judgment is appropriate and **GRANTS** McGinnis' motion [doc. no. 209]. As the Court has granted summary judgment in favor of McGinnis, the Court further **DENIES** as **moot** McGinnis' Motions to Enforce the Settlement and to Continue the Trial [doc. no. 229 and 205]. Accordingly, the Court also terminates associated cases numbers 3:04-1222 and 3:05-0027 and **DIRECTS** the Clerk to docket this Memorandum Opinion and Order in those cases. The Court also will enter separate Judgment Orders in those cases.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   April 24, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE